IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CATHERINE GARDNER, as personal representative of the Estate of John Jehu Gardner and heir, <br><br> Plaintiff, <br><br> vs. <br><br> CLINT FRIEL, in an individual capacity; OFFICER WILLIS J. RICHARDSON, in an individual capacity, <br><br> Defendants. | ORDER AND MEMORANDUM DECISION <br><br><br> Case No. 2:05 CV 837 TC |

John Jehu Gardner died while incarcerated at the Utah State Prison. Mr. Gardner's death was caused by a mechanical cell door that crushed his skull when closing. Plaintiff Catherine Gardner initiated the present action seeking recovery for Mr. Gardner's death. This matter is before the court on Defendants Clint Friel, warden of the Utah State Prison, and Officer Willis J. Richardson's motion to dismiss Ms. Gardner's Complaint for failure to state a claim upon which relief can be granted.

Ms. Gardner has alleged a cause of action under 42 U.S.C. § 1983. Section 1983 provides a remedy against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State[,] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws. . . ." 42 U.S.C. § 1983. Ms. Gardner alleges that Defendants violated Mr. Gardner's

due process rights by failing to protect his constitutional right to bodily security.

Defendants seek dismissal under Federal Rule of Civil Procedure 12b(6), arguing that the Complaint does not adequately allege a constitutional violation and that qualified immunity precludes this suit. When reviewing the sufficiency of a complaint, it is proper for the court to accept the well-pleaded factual allegations as true and to draw all reasonable inferences in favor of the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

"In reviewing a Rule 12b(6) motion in the context of qualified immunity, a district court should not dismiss a complaint 'for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" Peterson v. Jensen, 371 F.3d 1199, 1201-02 (10th Cir. 2004) (quoting Currier v. Doran, 242 F.3d 905, 917 (10th Cir. 2001) (internal quotation omitted)); see also Lone Star Indus., Inc. v. Horman Family Trust, 960 F.2d 917, 920 (10th Cir. 1992) ("A motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted." (internal quotation omitted)). "Asserting a qualified immunity defense via a Rule 12b(6) motion . . . subjects the defendant to a more challenging standard of review than would apply on summary judgment." Peterson, 371 F.3d at 1201. Accepting the Complaint's factual allegations as true, and drawing inferences in favor of Ms. Gardner, the court is convinced that the Complaint sufficiently alleges a constitutional violation and contains factual allegations that adequately rebut Defendants' assertion of qualified immunity.

The Complaint alleges violations of Mr. Gardner's constitutional right to bodily security.[1]

---

[1] Ms. Gardner has alleged violations of both the Eighth and Fourteenth Amendments. The court notes that "[e]very circuit that has considered the question has concluded that the Eighth Amendment is the primary source of substantive rights of prisoners and that, with regard to the

The parties agree that to succeed on such a claim, a plaintiff must show that "(1) the condition complained of is sufficiently serious to implicate constitutional protection, and (2) prison officials acted with deliberate indifference to inmate health or safety." Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (internal quotation omitted).

Ms. Gardner's Complaint alleges that inherent dangers in the cell-door system itself, as well as the manner in which the doors were operated, created a serious risk of bodily injury. (See, e.g., Complaint, ¶¶ 29-30.) Indeed, as the facts of this case illustrate, the cell-door system is capable of causing death. The Complaint also alleges that prison officials acted with deliberate indifference toward the safety of inmates. (See, e.g., ¶¶ 29-30, 32-44.) Although Defendants argue that the factual allegations of Ms. Gardner's Complaint amount to nothing more than a claim of negligence, the deliberate indifference standard can be shown by establishing that "the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1970). The Complaint is rife with factual allegations that, if true, would enable the trier of fact to conclude that Defendants acted with deliberate indifference. As a result, the court concludes that the Complaint adequately states a conditions of confinement claim.

Further, the court concludes that the Complaint is sufficient to survive Defendants' assertion of qualified immunity in this matter. "In an action under section 1983, individual defendants are entitled to qualified immunity unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known." Reynolds v. Powell, 370 F.3d 1028, 1030 (10th Cir. 2004). "On a motion

---

rights of convicted prisoners, the legal standards under the Eighth and Fourteenth Amendments generally are congruous." Berry v. City of Muskogee, 900 F.2d 1489, 1494 (10th Cir. 1990) (citing cases).

3

to dismiss, a court examines the conduct alleged in the complaint to determine if plaintiff has alleged a violation of clearly established law." Robbins v. Wilkie, 433 F.3d 755, 764 (10th Cir. 2006); cf. id. (explaining that denying a motion to dismiss on qualified immunity grounds does not preclude a court from later granting summary judgment on qualified immunity grounds).

As already discussed, the Complaint adequately alleges a violation of a constitutional right. Accepting the factual allegations in the Complaint as true, and drawing all inferences in favor of Ms. Gardner, the court concludes that the Complaint sufficiently establishes that the constitutional right violated was clearly established. In her opposition to Defendants' motion, Ms. Gardner cites numerous cases that have declared prison conditions unconstitutional that are arguably less serious than the alleged danger posed by the cell-door system and its manner of operation. (Plf.'s Opp'n to Defs.' Mot. to Dismiss, 10 n.1.); see, e.g., Mitchell v. Maynard, 80 F.3d 1433, 1443 (10th Cir. 1996) (lack of heat, clothing, bedding, hot water, deprivation of exercise, denial of toilet paper, removal of prescription eyeglasses, lack of adequate ventilation, and denial of writing utensils); Caldwell v. Miller, 790 F.2d 589, 600 (7th Cir. 1986) (restriction of exercise). If, as alleged in the Complaint, Defendants were aware that the cell-door system had significant potential to cause seriously bodily harm, it logically follows that reasonable officials would have recognized a duty to take all steps necessary to minimize the risk posed. In short, the allegations of the Complaint adequately rebut Defendants' assertion of qualified immunity.

Finally, the court concludes that the Complaint adequately connects the actions that resulted in the death of Mr. Gardner to the Defendants in this case. The Complaint alleges that Officer Richardson operated the cell-door system with deliberate indifference toward inmate safety and also alleges that Warden Friel was aware of the dangers posed by the cell-door system

4

and failed to take proper supervisory preventative measures.

For all the foregoing reasons, Defendants' Motion to Dismiss is DENIED.

SO ORDERED this 15th day of March, 2006.

BY THE COURT:

*[signature]*

TENA CAMPBELL
United States District Judge